# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

RENA M. WILKIE, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 2:11-CV-187-RWS
BANK OF AMERICA and BAC :
HOMELOANS SERVICING, LP, :
:
    Defendants. :

## **ORDER**

This case comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss [8]. After a review of the record, the Court enters the following Order.

Plaintiff brings the present claim seeking a "Petition for Verification of Debt," stating that she "has genuine concerns as to the true nature of the underlying security instrument and seeks a verification of debt from the Defendant." Compl., Dkt. No. [1-3] at 3. Plaintiff requests, among other things, a copy of her promissory note and proof that Defendant is the holder in due course. Id.

To survive a motion to dismiss, the plaintiff must do more than "tender[]

'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. To satisfy this plausibility standard, the plaintiff must put forward "enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Plaintiff has failed to meet this standard. She has not alleged any facts whatsoever, much less sufficient facts to "raise the right to belief above the speculative level." Id. Indeed, given the absence of a single fact in the Complaint, there is no allegation that Plaintiff has been injured in any way. Her complaint instead is simply a demand that Defendant "produce the note," without any explanation as to why this is required or citation to any legal

2

authority that would support such a claim.[1] As Plaintiff has failed to allege facts showing a plausible claim for relief, Defendant Bank of America, N.A.'s Motion to Dismiss [8] is **GRANTED**.[2]  The Clerk is directed to close this case.

**SO ORDERED**, this __14th__ day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that even if Plaintiff had alleged facts showing a plausible injury, this "produce the note" theory is not available under Georgia law, as Georgia law does not require the lender to produce the original note, even when the lender is taking affirmative action such as commencing foreclosure proceedings. See Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note."). As no facts have been alleged in the Complaint, there is no allegation that Bank of America has taken any action against Plaintiff, but even if such allegation had been made, there is no requirement under Georgia law that the lender produce the note. Thus, Plaintiff's asserted legal theory would be of no avail.

[2] Defendant Bank of America requests attorney's fees but makes no showing as to why they are entitled to such fees. Therefore, the Court grants the Motion to Dismiss, but does not grant an award of attorney's fees.

3